# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JEFFREY A. KIRKMAN, #21062296, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 21-cv-00508-JPG |
| MARION COUNTY JAIL, RICH STEVENSON, KENNY BENZING, and DANIELLE WARD, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jeffrey Kirkman, an inmate at Marion County Law Enforcement Center ("Jail"), brings this action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff claims he was denied medical treatment for a hip and knee condition. (*Id*. at 1-9). He names Marion County Jail, Sheriff Rich Stevenson, Jail Administrator Kenny Benzing, and Nurse Danielle Ward as defendants and sues them for failing to "follow through" with medical treatment, a referral, and the grievance procedure. (*Id*. at 6). He seeks monetary and medical relief from these defendants. (*Id*. at 7). As exhibits to the Complaint, Plaintiff includes a letter and a grievance he submitted at the Jail seeking medical attention, neither of which mention any defendants. (*Id*. at 8-9).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who is immune from

1

such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed in favor of the *pro se* plaintiff at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to designate the following count in this *pro se* action:

**Count 1:** Fourteenth or Eighth Amendment claim against Defendants for denying Plaintiff medical care for his hip and knee injury at the Jail.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

The Court is unable to determine whether any of the defendants violated Plaintiff's constitutional right to be free from cruel and unusual punishment under the Eighth Amendment (applicable to convicted prisoners) or his right to be free from all forms of punishment under the Fourteenth Amendment (applicable to pretrial detainees). *See Hardeman v. Curran*, 933 F.3d 816, 821 (7th Cir. 2019); *Miranda v. Cty. Of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); *McCann v. Ogle Cty., Ill.*, 909 F.3d 881 (7th Cir. 2018) (articulating applicable legal standard for claims of unconstitutional conditions of confinement and denial of medical care brought by prisoners and pretrial detainees). Although he has named the defendants in the case caption of the Complaint and mentioned them in the statement of his claim, Plaintiff has not explained how any of them were actually involved in a deprivation of his constitutional rights.

In order for liability to attach, each individual defendant must have caused or participated in a constitutional violation, either by responding to Plaintiff's serious medical need with

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

deliberate indifference in violation of the Eighth Amendment (in the case of a prisoner) or in an objectively unreasonable manner in violation of the Fourteenth Amendment (in the case of a pretrial detainee). *McCann*, 909 F.3d at 886-87; *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff must name the individuals who violated his constitutional rights as defendants in the case caption, and he must also describe what each person did to violate his rights in the statement of claim.

Plaintiff does not set forth sufficient allegations to suggest that any of the defendants actually knew about his condition or the need for medical treatment. Instead, he attaches a letter addressed to "whom this may concern." (Doc. 1, p. 8). He also attaches a grievance that is answered, but it is not clear by whom. (*Id*. at 9). This is not enough to establish that any single defendant played a role in the denial of his medical care. He must draw a connection between each defendant, their knowledge of his condition, and the denial of his medical treatment. He need not go into great detail. Plaintiff is only required to provide a brief description of each person's misconduct. *See* FED. R. CIV. P. 8(a)(2) (requiring a "short and plain statement" showing pleader is entitled to relief). Because Plaintiff has not done so, the Complaint fails to state a claim against any of the defendants. All individual defendants shall be dismissed without prejudice.

The Jail shall be dismissed with prejudice. The Jail is not a "person" subject to suit under 42 U.S.C. § 1983. Plaintiff's designation of this defendant may represent his attempt to hold a municipality liable for his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). However, municipal liability under Section 1983 arises from the execution of a government policy or custom that causes a constitutional injury, and he points to no such policy or custom.

For these reasons, the Complaint does not survive preliminary review and shall be dismissed without prejudice. However, Plaintiff will have an opportunity to file a First Amended Complaint, if he wishes to proceed any further with his claim(s). The Court reminds Plaintiff that a successful complaint generally alleges "the who, what, when, where, and how. . . ." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thus, the First Amended Complaint should identify who violated Plaintiff's constitutional rights by name, if known, in the case caption and should also include a description of how Plaintiff's rights were violated in the body of the First Amended Complaint. If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation (*e.g.*, John Doe/Jane Doe).

## Disposition

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **RICH STEVENSON**, **KENNY BENZING**, and **DANIELLE WARD** are **DISMISSED** without prejudice. Defendant **MARION COUNTY JAIL** is **DISMISSED** with prejudice, and the Clerk's Office is **DIRECTED** to **TERMINATE** the Jail in CM/ECF.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **July 26, 2021**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. He should also list this case number on the first page (*i.e.*, Case No. 21-cv-508-JPG). The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 6/29/2021**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **United States District Judge**