IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY A. KIRKMAN, #21062296, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RICH STEVENSON, )<br>KENNY BENZING, )<br>and DANIELLE WARD, )<br>)<br>Defendants. ) | Case No. 21-cv-00508-JPG |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

Plaintiff filed this action under 42 U.S.C. § 1983 against Marion County Law Enforcement officials for the denial of medical care for a hip and knee condition. (Doc. 1). The Court screened this matter pursuant to 28 U.S.C. § 1915A. (Doc. 8). The Complaint did not survive preliminary review and was dismissed without prejudice on June 29, 2021. (*Id*.). Plaintiff was granted leave to file a First Amended Complaint on or before July 26, 2021. (*Id*.). He was warned that failure to do so would result in dismissal of the action with prejudice and the assessment of a "strike." (*Id*.) (citing FED. R. CIV. P. 41(b); 28 U.S.C § 1915(g)).

Plaintiff missed the deadline for filing a First Amended Complaint. More than a week has passed since the deadline expired, and he has not requested an extension. The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed with prejudice for failure to comply with the Court's Order (Doc. 8) to file a First Amended Complaint and/or to prosecute his claims. FED. R. CIV. P. 41(b). This dismissal counts as a "strike" under Section 1915(g).

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Order (Doc. 8) to file a First Amended Complaint and/or prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Because the underlying Complaint was dismissed for failure to state a claim upon which relief may be granted, this dismissal counts as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 8/4/2021**                                                s/ J. Phil Gilbert
                                                                                  **J. PHIL GILBERT**
                                                                                  **United States District Judge**